LEIGH M. CLARK, Retired Circuit Judge.
Appellant finds nothing of which to complain in the proceedings in the trial court that resulted in a verdict of the jury finding him guilty of an assault with intent to murder A. C. Foreman and a sentence of fifteen years imprisonment, other than as it pertained to two parts of the closing argument to the jury of counsel for the State.
According to the undisputed evidence in the case, the defendant and the alleged victim had been arguing at Jeter Street Ball Park in Opelika on June 9, 1979, as to some of the games that were to be played in the park that afternoon; at one point there was some shoving between them; the defendant left the park but returned and approached Foreman while Foreman was on the diamond and shot Foreman one time with a pistol, which felled him on the spot and caused him to be hospitalized. The bullet had entered his stomach. The verdict of the jury was clearly within its province. There is no contention to the contrary.
Appellant’s first contention is directed to the following that occurred during the closing argument of counsel for the State:
“MR. MYERS: -The loss of a human life. Mr. Whittelsey has-
*164 “MR. WHITTELSEY: Object, if it please the Court. There is no evidence of any loss of human life in this case.
“MR. MYERS: I said near loss.
“MR. WHITTELSEY: There is no evidence of any loss of life in this case.
“THE COURT: I understood him to say the near loss.
“MR. MYERS: Near loss, I’ll repeat it. What we are talking about is the near loss of life.
“MR. WHITTELSEY: There is no evidence of any near loss.
“THE COURT: Well, that’s for the jury to decide and determine, there.”
We cannot say that appellant is not correct in any contention that in the circumstances of this case it would have been improper for counsel for the State to argue to the jury that the alleged victim had sustained or would sustain the loss of life as a result of his being hit by a bullet from the pistol in the hand of the defendant. The reporter’s transcript seems to support appellant’s contention that perhaps State’s counsel was arguing to that effect. Nevertheless, his prompt disavowal of such argument and the statement of the trial judge that he understood counsel for the State had said “near loss” gives room for the possibility, if not the probability, that, due to no fault of the court reporter, counsel for the State did not articulate the word “near” well enough for the court reporter to hear it but that the jury in looking directly at counsel at the time could have heard and understood him to say, “near loss.” There was no error prejudicial to defendant.
The other contention of appellant is addressed to the following:
“By Mr. Myers: -So, don’t be shocked or mislead by the twenty years. It could be one or it could be twenty, or it could be anything in between-
“MR. WHITTELSEY: If it please the court, I’m going to object again to Mr. Myers’ statement of the law, when, again, he has incorrectly stated the punishment according to the statute of the State of Alabama, under which this indictment was drawn.
“THE COURT: Well, Mr. Whittelsey, I’ll-
“MR. WHITTELSEY: It’s Title 13, Section-titled the State of Alabama, 13, Section 13,146; and he has stated it improperly.
“MR. MYERS: Well, Mr. Whittelsey, if you will like to correct me at this time, that’ll be fine.
“MR. WHITTELSEY: In the first place, it seems to me that Mr. Myers has misstated the law. The minimum is two years under the Statute, and if he’s not more familiar with it than that, maybe he doesn’t understand what malice is, another thing that he has charged the jury about.
“THE COURT: Well, Mr. Whittelsey, you argued to the Court what the law was, and you also argued what the punishment was as to assault with intent to murder; and, so, I’m allowing Mr. Myers the same leeway to argue the same. But I will instruct you, Ladies and Gentlemen of the jury, as to what the law is when it’s all over with.
“MR. WHITTELSEY: Thank you.”
It thus appears that counsel for the State was incorrect in stating that the minimum punishment was imprisonment for one year, for the minimum punishment prescribed for an assault with intent to murder is “for not less than two nor more than 20 years.” Code of Alabama 1975, § 13-1-46. Nevertheless, the mistake was corrected; it did not hurt the defendant, and the action of the court as to what counsel for the State had said was apparently entirely satisfactory to defendant.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is
AFFIRMED.
All the Judges concur.